UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMARI J. MOODY,

                Plaintiff,

        -against-

THE MOUNT SINAI HOSPITAL; MOUNT
SINAI HEALTH SYSTEM, INC.; MD. SATISH
GOVINDARAJ,

                Defendants.

25 Civ. 8859 (JHR)

ORDER

---

JENNIFER H. REARDEN, District Judge:

Plaintiff, appearing *pro se*, brings this action for violations of the Americans with Disabilities Act, the Rehabilitation Act, and related state laws.[1]

**A. Order of Service**

Because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further directed to issue summonses

---

[1]On January 13, 2026, the case was assigned to this Court as related to *Moody v. Sedgwick Claims Mgmt. Svcs., Inc.*, No. 25 Civ. 8671 (JHR).

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of a summons within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summons be issued. The Court therefore extends the time to serve until 90 days after the date any summons issues.

and to deliver to the Marshals Service all necessary paperwork for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request such an extension).

**Plaintiff must notify the Court in writing if Plaintiff's address changes**. **The Court may dismiss the action if Plaintiff fails to do so**.

## B. Order Denying Emergency Motion

Before the Court is Plaintiff's "emergency motion for notice of post-filing events, preservation of evidence, and continuity-of-care/access-to-records safeguards." ECF No. 7. Plaintiff seeks an order that takes "limited judicial notice" of certain "post-filing events," "including Mount Sinai's December 15, 2025 termination-of-care letter." *Id.* at 1, 6; ECF No. 7-1 (Ex. 1) at 53 (December 15, 2025 letter from Mt. Sinai noting that "continuing [the] professional relationship [wa]s no longer beneficial due to the breakdown in the therapeutic relationship and the repeated and inappropriate outreach to the practice staff"). According to Plaintiff, such relief is necessary to "prevent Defendants from using termination and record-control to manufacture a 'failure to mitigate' defense while depriving Plaintiff of the tools needed to obtain care and litigate." ECF No.7 at 5. Plaintiff also asks the Court to "enforce basic continuity-of-care and access-to-records safeguards," and to "clarify that termination of care and access cutoff during the pendency of litigation will be treated as a procedural and remedial issue." *Id*. at 1. Approximately 50 pages of Plaintiff's medical records and related emails and correspondence are attached to the motion. Ex. 1 and ECF No. 7-2 (Ex. 2).

As Plaintiff is proceeding *pro se*, the Court construes his pleadings "liberally" and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation and internal quotations omitted). Accordingly, the Court considers the motion "an application for a temporary restraining order and preliminary injunction." *Sweigart v. Goodman*, No. 23 Civ. 5875 (JGK), 2024 WL 2330933, at *1 (S.D.N.Y. May 21, 2024). To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

On the record before the Court, "and without the benefit of the adversary process,[3] the Court declines to find that Plaintiff has established a likelihood of success on the merits of his case to entitle him to the [] relief he seeks." *Crichlow v. Verituity Inc., et al.*, No. 25 Civ. 6591, ECF No. 15 at *2 (JHR) (SN) (S.D.N.Y. August 29, 2025) (Netburn, M.J.); *King v. White*, No. 20 Civ. 4527 (AJN), 2020 WL 8464423, at *2 (S.D.N.Y. July 23, 2020) (denying *pro se* litigant's emergency motion for failure to provide notice because "parties seeking a TRO or a preliminary injunction must also comply with Federal Rule of Civil Procedure 65"); *Brock v. The City of New*

---

[3] Although Plaintiff publicly filed his motion, the docket does not reflect service of the motion on Defendants.

*York*, No. 21 Civ. 11094 (S.D.N.Y. Jan. 7, 2022) (denying *pro se* litigant's motion for emergency relief).  "Plaintiff's mere conclusory assertions of wrongdoing are insufficient to demonstrate a likelihood of success on the merits or sufficiently serious questions going to the merits to make them fair ground for litigation."  *Grecia v. Brass Lion Ent., Inc.*, No. 25 Civ. 1484 (JHR) (GS), 2025 WL 1626453, at *3 (S.D.N.Y. Mar. 3, 2025) (cleaned up).  In short, "Plaintiff has not, even with the special solicitudes afforded to *pro se* Plaintiffs, carrie[d] the burden of persuasion required to receive such a drastic remedy."  *Dennis v. K&L Gates LLP*, No. 20 Civ. 9393 (MKV), 2025 WL 1094493, at *2 (S.D.N.Y. Apr. 11, 2025) (cleaned up).

For one thing, because a substantial part of "Plaintiff's motion is based on facts not alleged in the Complaint, those alleged facts are not properly considered on this motion."  *Page v. Oath Inc.*, No. 17 Civ. 6990 (LGS), 2018 WL 1474620, at *2 (S.D.N.Y. Mar. 26, 2018) (dismissing *pro se* Plaintiff's motion for TRO and preliminary injunction), *aff'd sub nom. Page v. United States Agency for Glob. Media*, 797 F. App'x 550 (2d Cir. 2019).  On a motion for a preliminary injunction, "the focus … is on the claims and factual allegations in the complaint, not subsequent claims and allegations, made, for the first time, in the motion for a preliminary injunction."  *ZeptoLab UK Ltd. v. Commonwealth Toy & Novelty Co.*, No. 12 Civ. 2044 (TPG) (KNF), 2012 WL 4761501, at *7 (S.D.N.Y. Aug. 23, 2012).  Here, Plaintiff's allegations that "Defendants issued a termination of care letter dated December 15, 2025" and that his "Mount Sinai MyChart ha[d] been deactivated," and his "supplemental record of post-filing events," ECF No. 7 at 5-6, were not included in the Complaint.  In any case, Plaintiff's request for portal access and access to documents, ECF No. 7 at 6 (seeking a "custodian declaration" identifying various categories of documents and retention policies), "is in essence a motion to compel

4

discovery and is not an appropriate use of a motion for a temporary restraining order [or preliminary injunction]." *Grecia*, 2025 WL 1626453, at *5.

With respect to Plaintiff's concerns regarding access to his records and the preservation of data, ECF No. 7 at 6-7, Plaintiff's filings suggest that Defendants are aware of this suit or the possibility of it. Ex. 1 at 50 (Plaintiff writing to Mt. Sinai, "see you in court"). "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Federal Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (affirming denial of sanctions motion). All parties to this action bear that obligation. Any failure to preserve documents may result in sanctions, including adverse inferences or even case-dispositive sanctions. *Crichlow*, No. 25 Civ. 6591, ECF No. 15 at *2.

For the foregoing reasons, Plaintiff's request for emergency is DENIED without prejudice to renewal.

### C. Motion for Pre-Trial Conference

Plaintiff also moves for (1) the scheduling of an initial pretrial conference, (2) ADA accommodation, and (3) "clarification of service irregularities." ECF No. 6. By separate Order today, the Court is referring the case to the designated Magistrate Judge for general pretrial management and dispositive motions.

### CONCLUSION

The Clerk of Court is directed to (1) issue a summons for Defendants Mount Sinai Hospital, Mount Sinai Health System, Inc., and Dr. Satish Govindar, complete the USM-285 form with the address for each Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service; and (2) mail an information package to Plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 7. The Court further directs the Clerk of Court to make the motion at ECF No. 7 party-view only. In the future, because court records are publicly available online, Plaintiff shall consult Rule 9 of the Court's Individual Rules in Civil Cases regarding the filing of medical records.

SO ORDERED.

Dated:    January 27, 2026
         New York, New York


_____
JENNIFER H. REARDEN
United States District Judge

## SERVICE ADDRESS FOR DEFENDANTS

1.     Mount Sinai Hospital
        1 Gustave L. Levy Place
        New York, N.Y. 10029

2.     Mount Sinai Health System, Inc.
        1 Gustave L. Levy Place
        New York, N.Y. 10029

3.     Dr. Satish Govindaraj
        1 Gustave L. Levy Place
        New York, N.Y. 10029