UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMARI J. MOODY,

                    Plaintiff,

          -against-

THE MOUNT SINAI HOSPITAL; MOUNT
SINAI HEALTH SYSTEM, INC.; MD. SATISH
GOVINDARAJ,

                    Defendants.

---

25 Civ. 8859 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

Plaintiff, appearing *pro se*, brings this action for violations of the Americans with

Disabilities Act, the Rehabilitation Act, and New York State law.[1]  Plaintiff has filed several

motions asking the Court to (1) correct clerical mistakes pursuant to Federal Rule of Civil

Procedure 60, ECF No. 10; *see also* ECF No 6. (requesting clarification of docket entries and

accommodation for "written-only participation"); (2) "exercise [] supervisory authority" to

correct "structural defects, docket inaccuracies, Title II access issues, and ultra vires

determinations," ECF No. 15; (3) "vacate the January 27, 2026 Omnibus Order," ECF No. 13

(Omnibus Order), ECF No. 16; (4) take notice of "material docket facts evidencing record

defects," ECF No. 17; and (5) "reassign[] [] this matter to a different Article III judge," ECF No.

18.  In addition, since filing an emergency motion on December 29, 2025, which the Court

denied, *see* Omnibus Order (denying motion at ECF No. 7), Plaintiff has brought two new

"emergency motion[s] for a temporary restraining order," ECF Nos. 19, 20, and raised concerns

relating to an emergency motion that was filed with the Complaint, ECF No. 1.

---

[1]On January 13, 2026, the case was assigned to this Court as related to *Moody v. Sedgwick Claims Mgmt. Svcs., Inc.*, No. 25 Civ. 8671 (JHR).

Because the motions considered herein raise overlapping issues, the Court addresses them together.  For the reasons set forth below, Plaintiff's motions are DENIED.

## **DISCUSSION**

### **A. Purported Docketing Inaccuracies and Errors**

Rule 60(a) provides, in pertinent part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time upon its own initiative or on the motion of any party and after such notice, if any, as the court orders."  Fed. R. Civ. P. 60(a).  "The purpose of Rule 60(a) is to address clerical mistakes that appear on the face of a court's opinion or otherwise affect the accurate intentions of the court."  *Peyser v. Searle Blatt & Co.*, No. 99 Civ. 10785 (WK), 2003 WL 1610772, at *1 (S.D.N.Y. Mar. 24, 2003) (citation and quotations omitted) (denying plaintiff's motion).  "The decision to award relief pursuant to Rule 60(a) rests within the sound discretion of the district court."  *Id.*

In seeking to vacate the Omnibus Order due to "incorrect docket information," ECF No. 16; *see* ECF No. 17 (claiming Omnibus Order "denies emergency relief never properly docketed"), Plaintiff contends that his Complaint was not "docketed or labeled" as an Emergency Rule 65 motion, and that the docket does not reflect that his "December 10, 2025 filing"[2] includes a Rule 26(d)(1) motion and an ESI preservation request, ECF No. 10 at 2.  Notwithstanding how those filings were labeled, the Court was aware of their contents, and any omissions in their respective docket entries did not "affect" the disposition of Plaintiff's request

---

[2] The docket does not include a December 10, 2025 filing.  Plaintiff appears to be referring to his December 29, 2025 filing at ECF No. 7.  *See* ECF No. 11 at 3 (describing the December 10, 2025 filing as the Emergency Motion filed at ECF No. 7).

2

for Emergency Relief at ECF No. 7.  *Peyser*, 2003 WL 1610772, at *1.  Thus, there is no need

for any "correction for the purpose of reflecting accurately a decision that the court actually

made."  *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (denying Rule 60(a) motion where

the decision had its intended effect and any omissions were therefore not "clerical error"); *see*

*also Melchor v. Eisen & Son Inc.*, No. 15 Civ. 00113 (DF), 2016 WL 3443649, at *10 (S.D.N.Y.

June 10, 2016) (Mag. J.) ("As this Court in fact intended to dismiss this action, . . . and explicitly

directed the Clerk of Court to close the case, the Dismissal Order did not constitute a clerical

mistake, and Rule 60(a) is simply inapplicable here.").

Plaintiff also argues that the Court's 90-day extension of service, following the 78 days

that passed before the case was assigned, resulted in delay.  ECF No. 17 at 5.  But as Judge

Netburn informed Plaintiff in another case in this District, "[g]iven the volume of cases that the

Clerk's Office processes, it is standard for there to be a slight processing delay [in] uploading *pro*

*se* filings to the docket," *Moody v. New York Institute of Technology et al.*, No. 25 Civ. 873

(MMG) (SN) (S.D.N.Y. January 29, 2026), as well as in assigning cases.

### B.  Alleged Additional Errors in the Omnibus Order

Plaintiff argues that the Court should vacate the Omnibus Order because (1) the Court

erroneously "evaluated Plaintiff's TRO request under the preliminary injunction standard"; (2)

the Order wrongly "asserts that Plaintiff's TRO motion was not filed, not served, and not

properly presented"; (3) the Court incorrectly exercises jurisdiction over "Dr. Satish Govindar,"

who is not named in the Complaint; (4) circumstances did not warrant "[e]xtending service by 90

days"; and (5) the "[i]nvocation of "*Coppedge v. United States* [w]as [i]mproper."  ECF No. 16.

These arguments are unavailing.  Taking them in turn:

First, "[i]n the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction." *Sweigert v. Goodman*, No. 23 Civ. 5875 (JGK), 2024 WL 2330933, at *1 (S.D.N.Y. May 21, 2024).

Second, the Court correctly noted that Plaintiff's motion for emergency relief, ECF No. 7, did not reflect service of the motion on Defendants. *See* Rule 65(b) (1) (providing that a temporary restraining order can be issued "without written or oral notice to the adverse party or its attorney only if . . . (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."). *Compare* ECF No. 19 (including a "Rule 65(b)(1)(B) Certification of Notice") *with* ECF No. 7 (no such certification included).

Third, the Court did not exercise jurisdiction over a "non-party." The Order of Service directed service on Defendant Satish Govindaraj. Although Dr. Govindaraj's name was misspelled, the Court has not purported to exercise jurisdiction over any non-party. Defendant Govindaraj is correctly identified in the case caption and throughout the rest of the Omnibus Order.

Fourth, extending Plaintiff's deadline to serve Defendants by 90 days was proper, as Plaintiff could not have "effected service until the Court reviewed the Complaint and ordered that any summons be issued." Omnibus Order at 1, n. 2. Plaintiff cannot prosecute this action without serving process, and absent the extension of time, the Court would have had to "dismiss the action without prejudice" failing the completion of service by January 26, 2026.[3] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice

---

[3] As of today, the docket does not reflect that service on the Defendants has been effected.

against that defendant or order that service be made within a specified time.").  The deadline was extended for the benefit of Plaintiff, who is proceeding *in forma pauperis*, so that the U.S. Marshals Service could effect service on his behalf.  ECF No. 13 at 1 ("To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ('USM-285 form') for Defendants.").

Fifth, *Coppedge v. United States*, 369 U.S. 438 (1962), was properly invoked in the Omnibus Order.  *Coppedge* does not necessarily apply exclusively to any "pending" appeal. ECF No. 16 at 4.  Instead, it is commonly cited, as in the Omnibus Order, for the proposition that the Court does not believe any appeal would be taken in "good faith."  *See also* 28 U.S.C. § 1915(a) (3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").

## C.  Reassignment to a Different Article III Judge

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  There is no basis for disqualification here.  "The Court has presided over this case as it does all of the other cases before it, by endeavoring to follow and apply the law fairly to all parties." *Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ*., No. 16 Civ. 6795 (KMK), 2017 WL 4286658, at *12 (S.D.N.Y. Sept. 26, 2017).  "While [Plaintiff] may be dissatisfied with the [Court's] rulings, he has not [credibly] argued that the rulings would cause a disinterested observer to reasonably question the undersigned's impartiality." *Saladino v. Tufano*, No. 20 Civ. 9346 (NSR) (JCM), 2025 WL 2324075, at *3 (S.D.N.Y. Aug. 12, 2025) (Mag. J.).

**D. Emergency Motions**

Finally, in the three pending emergency motions filed by Plaintiff, Plaintiff seeks much of the same relief that the Court previously denied in the Omnibus Order.  Specifically, Plaintiff's emergency motion filed with his Complaint, ECF No. 1, and the two additional emergency motions filed on January 28, 2026, ECF Nos. 19, 20, raise issues relating to access to medical records, the preservation of evidence, restoring MyChart access, continuity of care, and alleged errors in the docketing and notice of certain events.  For the reasons already stated in the Omnibus Order, "Plaintiff has not, even with the special solicitudes afforded to *pro se* Plaintiffs, carrie[d] the burden of persuasion required to receive such a drastic remedy."  Omnibus Order at 4 (citing *Dennis v. K&L Gates LLP*, No. 20 Civ. 9393 (MKV), 2025 WL 1094493, at *2 (S.D.N.Y. Apr. 11, 2025) (cleaned up)) (internal quotations omitted).  Plaintiff is reminded that the parties are already subject to an obligation to "preserve evidence."  *See* Omnibus Order at 4-5.

<b>CONCLUSION</b>

Since commencing this action, Plaintiff has filed numerous applications seeking overlapping relief on various grounds.  This is "improper and delays the Court's resolution of the case."  *New York Institute of Technology*, No. 25 Civ. 8730, ECF No. 69, at *1.  The Court has endeavored to address all of Plaintiff's requests to assure him that they have been received and considered.  To the extent not explicitly addressed in this Order, any other requests for relief are denied as meritless.  **The Court warns Plaintiff that if he files any additional frivolous or otherwise non-meritorious submissions in this action, the Court will direct him to show cause why the Court should not bar him from filing any future submissions without leave of Court**.  *See City of Philadelphia v. Bradley*, No. 24 Civ. 7607 (LTS), 2024 WL 5318687, at *2

(S.D.N.Y. Dec. 9, 2024) (citing *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). **Plaintiff is on notice that continued abuse of the judicial process could lead to sanctions**. *See also New York Institute of Technology*, No. 25 Civ. 873, ECF No. 69, at \*3.

The Clerk of Court is directed to terminate ECF Nos. 6, 10, 15, 16, 17, 18, 19, and 20.

SO ORDERED.

Dated:    February 5, 2026
          New York, New York

_____
JENNIFER H. REARDEN
United States District Judge
